UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LUIS ENRIQUE CASTRO-PERALTA** | **CIVIL ACTION NO. 25-1807** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **BRIAN ACUNA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Petitioner Luis Enrique Castro-Peralta,[1] who was previously in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement, petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2] For reasons below, the Court should dismiss his petition as moot.

### Background

Petitioner is a citizen of Mexico. He was "apprehended on or about August 9, 2025, without having been admitted or paroled into the United States and [was] detained pursuant to 8 U.S.C. § 1225(b)." [doc. # 1-1, p. 3].

Petitioner filed this proceeding on November 18, 2025. He claimed: (1) his "continued detention without a bond hearing as an 'arriving alien' subject to mandatory detention under U.S.C. § 1225(b), as interpreted in Matter of Yajure-Hurtado, 29 I§N Dec. 216 (BIA 2025), violates constitutional due process guarantees under the Fifth Amendment"; (2) his "continued

---

[1] Petitioner's 'A-Number' is 221-445-949. [doc. # 1, p. 1].

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

detention without a bond hearing" violates the Fourth Amendment; (3) "The statutory construction promulgated in Matter of Yajure-Hurtado, 29 I§N Dec. 216 (BIA 2025), deviates from established circuit court precedent, valuable Supreme Court dictum, and the clear intent of Congress"; and (4) "The continued detention of high-population class of individuals in Petitioner's similar situation has led to flagrant deficiency in sanitation, sustenance, crowd control, and prison conditions." [doc. # 1, pp. 6-7].

Petitioner sought release from detention and declaratory relief. [doc. # 1, p. 7].

On December 22, 2025, an immigration judge ordered Petitioner removed from the United States of America to Mexico. [doc. # 6-1, pp. 5-6].

## Law and Analysis

A petitioner "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Herndon v. Upton*, 2021 WL 116535, at *2 (5th Cir. Jan. 13, 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Jurisdiction is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *U.S. v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). A claim is moot when a petitioner achieves the precise relief she requested. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526

(2020). Courts are "obliged to raise the subject of mootness sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Here, Petitioner sought release from custody. According to Respondents, Petitioner was removed from the United States. [doc. # 6, p. 2]. Respondents do not provide definitive evidence indicating Petitioner was removed. However, Petitioner did not reply to Respondents' contention that he was removed. Moreover, the Government's presumptively reliable "Online Detainee Locator System" returned zero results following searches for Petitioner using his A-Number, name, and country of birth.[3]

Petitioner was released from custody when he was removed from the United States. As he is no longer subject to the detention he challenged, his Petition is moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Because Bailey was released . . . this court can no longer provide him with that relief."); *Herndon*, 2021 WL 116535, at *2 ("Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement."); *Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.*, 537 F. App'x 451 (5th Cir. 2013).

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Petitioner Luis Enrique Castro-Peralta's Petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation

---

[3] https://locator.ice.gov/odls/#/results (last visited February 9, 2026).

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 11th day of February, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge